**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Robert GOROZA, Defendant–Appellee.**

No. 90–10142.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1990.

Decided Aug. 8, 1991.

R. Michael Burke, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellant.

Samuel P. King, Jr., King & King, Honolulu, Hawaii, for defendant-appellee.

Before CHOY, TANG and FLETCHER, Circuit Judges.

PER CURIAM:

The United States appeals the district court's downward departure from the range prescribed by the United States Sentencing Guidelines in sentencing Robert Goroza. We reverse and remand for resentencing.

## FACTS

In August, 1988, Goroza was informed by Jaime Sapla that he knew of a potential cocaine buyer to whom they could sell cocaine. In order to secure a source for the cocaine, Goroza contacted his niece, Sherry Joseph, who arranged to obtain cocaine from her roommate, Paul Valov. One ounce of cocaine was eventually delivered by Joseph to Goroza and then to the buyer, a Drug Enforcement Administration agent working undercover.

Shortly thereafter, plans for a second sale of cocaine were made with the DEA agent. On September 2, 1988, Goroza drove to Joseph and Valov's apartment to obtain cocaine to deliver to the DEA agent. After obtaining the cocaine, Goroza drove to meet the undercover officer, where he was arrested.

Goroza agreed to cooperate with federal agents after his arrest. He provided the authorities detailed information that implicated Joseph, Valov, and Sapla. In the course of doing so, Goroza told federal agents that Valov had physically delivered the cocaine that Goroza had picked up at the apartment building earlier that evening. Goroza repeated this statement in his description of the drug transactions before a federal grand jury, which subsequently indicted Sapla, Goroza, Joseph, and Valov on drug distribution charges.

In exchange for his assistance, Goroza and the government entered into a written plea agreement that allowed Goroza to plead guilty to a conspiracy charge and provided for dismissal of the cocaine distribution charge. Incident to his plea agreement, Goroza stated that defendant Valov had physically delivered the cocaine to him on the night of his arrest. Under the terms of the agreement, the prosecution retained discretion to move for a downward departure at sentencing.

Shortly before trial, Joseph decided to cooperate with the government in exchange for a plea agreement. At the change-of-plea hearing that followed, Joseph stated that she, not Valov, had physically delivered the cocaine to Goroza. In an interview following the plea hearing, Joseph's attorney told the government that Joseph had told him long before her decision to cooperate that she, not Valov, had turned over the cocaine. Based on the statements by Joseph, her attorney, and the subsequent interview of a DEA witness who had observed a female figure meet with Goroza at the time the cocaine was exchanged, the government concluded that Goroza's version of events was not truthful. Accordingly, because Valov's and Sapla's indictments were based on Goroza's testimony, the government moved for their dismissal. The district court granted the motion.

Subsequently, the government sought to proceed against Goroza on the initial drug distribution count. Goroza therefore with-

drew his guilty plea to the conspiracy count. A federal grand jury thereafter reindicted Goroza on the original distribution charge, a new drug charge concerning the first one ounce sale of cocaine to the DEA agent, a conspiracy charge, and a perjury charge. Valov was also reindicted on the basis of Joseph's testimony. No reindictment was sought against Sapla.

Within several weeks, Goroza moved to reinstate his plea agreement and to dismiss the superseding indictment against him on the basis of his contention that he had not violated the plea agreement. The district court agreed to reinstate the plea agreement, but denied without prejudice the motion to dismiss the remaining counts of the superseding indictment. The court also granted a motion for severance of trial on the perjury count. Goroza was ultimately acquitted on the perjury charge. On that basis, the judge thereafter dismissed the remaining counts of the superseding indictment while leaving the plea agreement intact.

At sentencing on Goroza's and Joseph's pleas of guilty, the government moved for a downward departure for Joseph pursuant to Guideline section 5K1.1 based on her cooperation with the government in prosecuting Goroza and Valov. The government made no such motion for Goroza due to its belief that Goroza had lied about the cocaine delivery. In sentencing the defendants, the district court granted the government's motion for downward departure in Joseph's case and sentenced her to 24 months imprisonment. It then sentenced Goroza to 30 months imprisonment, a sentence below the Guideline range of between 51 and 63 months. According to the district court, although Guideline section 5K1.1 authorizes downward departure only on the government's motion, departure was authorized in Goroza's case pursuant to Guideline section 5K2.0, the Guideline's general departure provision.

In the district court's words,

I ... find that [the prosecutors] have not given the proper credit and due accord to Mr. Goroza's responsibility to this case that is obvious and on the record, only because the Government can persist in sticking by its assessment that Mr. Goroza continued to lie even after an acquittal.

And that to me flies in the face of all the constitutional guarantees of a man's innocence until proven guilty. Flies in the face of a verdict, when even tested against 12 persons....

I will, therefore, exercise my authority, ... [in this] rare, rare instance where this Court finds that Mr. Goroza has cooperated fully with the United States, has offered himself fully at all times to cooperate with the United States, has acted in a responsible way throughout and has been found not guilty by a jury that he is equally deserving of a downward departure.

And under 5K2.0 and 18 U.S.C. § 3553, this sentencing Court will impose a sentence outside the range established by the applicable guideline, because the Court finds that there exists considerable mitigating circumstances of a kind or of a degree not adequately taken into consideration by the sentencing commission in formulating the guidelines. It is clear to my mind that the sentencing commission never contemplated that a man who has proven himself innocent by going to trial and found [not] guilty is not otherwise given the kind of a credit that he deserves in this case here. And so I do depart downwards.

## DISCUSSION

The government contests the authority of the district court to depart downward from the Guideline range on the basis of the defendant's cooperation with the government in the absence of a government motion for such a downward departure. The parties raise three different sources of authority that could arguably justify a downward departure: Guideline section 5K1.1, Guideline section 5K2.0, and the plea agreement. We consider each in turn.

### I. *Guideline Section 5K1.1*

■ Section 5K1.1 allows departure from the Guideline range when a defendant

substantially cooperates with the government. That section provides:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The district court stated that it had no authority to depart on the basis of this section, noting that section 5K1.1 explicitly conditions such a downward adjustment "[u]pon motion of the government." We have jurisdiction to review a district court's refusal to depart downward based on its interpretation of law as barring such departure. *See United States v. Morales,* 898 F.2d 99, 102 & n. 2 (9th Cir.1990).

 Since the time of Goroza's sentencing, this circuit has recognized that section 5K1.1's requirement that departure be premised on a government motion "might not apply if the prosecution has acted with 'bad faith or arbitrariness that might conceivably present a due process issue.'" *United States v. Mena,* 925 F.2d 354, 355 (9th Cir.1991) (quoting *United States v. Smitherman,* 889 F.2d 189, 191 (8th Cir. 1989), *cert. denied,* — U.S. —, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990)). We find that departure pursuant to section 5K1.1 is inappropriate in this case, however, because the record provides no indication of any bad faith or arbitrariness that would authorize such a departure absent a government motion. The government rested its decision that Goroza did not substantially cooperate on the statements of Joseph, Joseph's attorney, and a DEA witness, all of which indicated that Goroza had perjured himself. These pieces of evidence provide sufficient grounds on which to rest the decision so as not to make it either arbitrary or in bad faith.

 Simply because the government determined Goroza had not been truthful in his dealings with it, despite Goroza's acquittal on the perjury charge, does not, without more, render the government's decision arbitrary or demonstrate that it was made in bad faith. The Guidelines set out

no standard of proof under which a circumstance relevant to the government's determination of substantial cooperation must be established. Rather it vests discretion to make this determination in the government. We need not here determine the limits of the government's discretion. We determine only that the government does not exceed them by considering information that has not been proved to a jury's satisfaction beyond the "reasonable doubt" standard that prevails at criminal trials. The defendant's acquittal of perjury does not preclude the government from determining that Goroza had not provided truthful information and thus had not substantially cooperated.

Moreover, because Goroza was allowed to plead guilty to a lesser charge pursuant to the plea agreement, the record reflects that Goroza received some benefit from his cooperation. Accordingly, this case does not present the extreme situation in which the defendant relied on the government's inducement without receiving any benefits from the bargain. *See Mena,* 925 F.2d at 356 (where defendant "did receive some benefit as a result of his cooperation", downward departure inappropriate in absence of government motion). Interference with the government's prerogative to move for downward departure pursuant to section 5K1.1 based on substantial cooperation in Goroza's case is therefore unwarranted.

## II. *Guideline Section 5K2.0*

 The district court explicitly based its downward departure on Guideline section 5K2.0 and its authorizing statute, 18 U.S.C. § 3553(b). These provisions authorize departure where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." When reviewing such a downward departure, "we must consider the reasons for departure actually articulated by the sentencing court." *United States v. Montenegro-Rojo,* 908 F.2d 425, 427 (9th Cir.1990). To allow informed review of such departures, the district court is required to state its

"specific reason" for departing. *Id.;* 18 U.S.C. § 3553(c)(2). In this case, the district court explicitly based departure on the Sentencing Commission's failure to contemplate that the government would determine that a defendant had not substantially cooperated because he perjured himself even though he had been tried and acquitted of the perjury. Whether the Sentencing Commission adequately considered a circumstance in formulating the Sentencing Guidelines, such that it cannot serve as a basis for departure, is a question of law reviewable de novo. *United States v. Lira–Barraza*, 941 F.2d 745, 746 (9th Cir. 1991) (en banc).

■■■ We conclude that departure for the reasons articulated by the district court is not authorized by section 5K2.0. While the Sentencing Commission may not have considered the specific circumstances presented here, *i.e.,* that a defendant would be acquitted of perjury for the same alleged dishonesty that the government determines precludes a motion for substantial cooperation, section 5K1.1 demonstrates that the Sentencing Commission specifically considered whether assistance to the government should be taken into account in sentencing. Furthermore, the Commission, in determining that the government should have the discretion to decide whether or not a defendant had substantially cooperated, specifically contemplated that in some circumstances the government would, within its discretion, determine that a motion for downward departure was undeserved. Thus cooperation with the government, regardless of whether the government in its discretion moves for a downward departure, is a circumstance that has been adequately taken into account by the Sentencing Commission. Furthermore, to allow the court to initiate the consideration of downward departure for cooperation would render meaningless section 5K1.1's requirement that any downward departure based on substantial cooperation be premised on a motion for such departure by the government, at least absent an abuse of discretion by the government. Whether or not the district court agrees with the government's determination, and regardless of the factors on which the government's determination is based, so long as the government does not exceed the bounds of its discretion, departure under 5K2.0 for cooperation with the government is inappropriate. *Accord United States v. Reina*, 905 F.2d 638, 641 (2d Cir.1990); *United States v. Bruno*, 897 F.2d 691, 694–95 (3d Cir.1990); *United States v. Taylor*, 868 F.2d 125, 126–27 (5th Cir.1989); *United States v. Justice*, 877 F.2d 664, 666–67 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989); *United States v. Chotas*, 913 F.2d 897, 900 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1421, 113 L.Ed.2d 473 (1991).

### III. *The Plea Agreement*

■■■ Goroza argued below that the plea agreement required the government to file a motion for downward departure. If Goroza's contention is correct, specific performance of the agreement would be appropriate. *Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971); *United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990). In sentencing Goroza, the district court considered the argument and determined that the plea agreement did not compel the government to file such a motion for downward departure. We agree.

■■■ A plea agreement is contractual in nature and is measured by contractual standards. *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir.1985), *cert. denied,* 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). Thus, any dispute over the terms of the agreement will be determined by objective standards. *Id.* Paragraph 22 of Goroza's plea agreement sets out the government's obligation with respect to filing the motion for downward departure. That paragraph states:

> Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has made a good faith effort to provide substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

b. This Agreement does not require the prosecution to make such a request or motion.

c. This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to defendant in the event the prosecution fails to make such a request or motion.

On the basis of the language of the provision, we find no duty on the part of the government to move for downward departure. The agreement clearly vests the discretion to determine whether such a motion could be made in the prosecutor.

## CONCLUSION

We conclude that the reasons given by the district court for downward departure from the range prescribed by the Sentencing Guidelines do not justify departure. Accordingly, we VACATE Goroza's sentence and REMAND for sentencing not inconsistent with this opinion.