967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Merle DAVID, Defendant-Appellant.
 No. 91-10541.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Merle David appeals his sentence under the Sentencing Guidelines, following his plea of guilty, for one count of abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(2). David was sentenced to 21 months imprisonment and one year supervised release. David contends that the district court erred by including psychological harm to the victim in its basis for departing upward from his adjusted offense level and that the extent of upward departure is unreasonable. The government contends that David waived his right to appeal his sentence as part of his plea bargain agreement. We dismiss this appeal.
 
 
 3
 We review de novo whether the appellant waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 4
 The right to appeal is purely statutory and not constitutional. Id. at 480. A defendant may appeal an otherwise final sentence pursuant to 18 U.S.C. § 3742(a).[1] An express waiver of the right to appeal in a negotiated plea is valid if the waiver is "knowingly and voluntarily made." Id. A plea agreement is contractual in nature, and any disputes over the terms of the agreement will be determined by objective standards. United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991) (per curiam). When a defendant agrees to a negotiated plea that includes a specific sentence, section 3742(c) provides that "a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection [3742](a) unless the sentence imposed is greater than the sentence set forth in such agreement." 18 U.S.C. § 3742(c).[2]
 
 
 5
 Here, David and the government entered into a plea agreement, pursuant to Rule 11(e)(1)(C), that set the appropriate sentence at no more than 21 months imprisonment. David's sentence of 21 months is greater than the sentence specified in the applicable range for the crime to which he pleaded guilty. David's plea agreement also contains an explicit waiver of defenses and appeal rights that reads as follows:
 
 
 6
 Defendant hereby waives any right to raise and/or appeal and/or file any postconviction writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution or to the court's entry of judgment against defendant and imposition of sentence upon defendant consistent with this agreement except as provided in Title 18, United States Code, Section 3742(a).
 
 
 7
 The plea agreement was signed by both David and his counsel.
 
 
 8
 David's sentence of 21 months imprisonment does not exceed the appropriate sentence contained in his plea agreement, and therefore, his ability to appeal his sentence under section 3742(a) is limited by section 3742(c)(1). See Bolinger, 940 F.2d at 480; 18 U.S.C. § 3742(c)(1). Specifically, David's claim, that his sentence is greater than the maximum sentence allowed under the applicable guideline range, falls within section 3742(a)(3) and is barred by section 3742(c)(1). See 18 U.S.C. § 3742(c)(1). David waived his statutory right to appeal his sentence, and therefore, we do not reach his underlying claims. See Goroza, 941 F.2d at 909.
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3742(a) reads as follows:
 A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 (1) was imposed in violation of law;
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 18 U.S.C. § 3742(a).
 
 
 [2]
 Section 3742(c) refers to plea agreements made pursuant to Rule 11(e)(1)(C), which allows the government and the defendant to agree that a specific sentence is the appropriate disposition of the case. Fed.R.Crim.P. 11(e)(1)(C)