972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carmelo RUIZ-BEAS, Defendant-Appellant.
 No. 91-50674.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carmelo Ruiz-Beas appeals his sentence under the Sentencing Guidelines (U.S.S.G.) following his guilty plea to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Ruiz-Beas contends that the district court erred by failing to determine whether the government unreasonably refused to move for a downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance provided to the government.
 
 
 3
 Generally, we lack jurisdiction to review a sentence that is within the applicable guidelines range and was not imposed in violation of law. United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991). We may, however, review the "district court's refusal to depart downward based on its interpretation of law as barring such departure." United States v. Goroza, 941 F.2d 905, 908 (9th Cir.1991).
 
 Section 5K1.1 provides in relevant part:
 
 4
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 
 
 5
 (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
 
 
 6
 (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
 
 
 7
 (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant.
 
 
 8
 U.S.S.G. § 5K1.1.
 
 
 9
 Here, Ruiz-Beas pled guilty pursuant to a plea agreement which stated that if Ruiz-Beas "chooses to cooperate and the Government determines that it has been of substantial assistance, a recommendation for a downward departure pursuant to U.S.S.G. 5K1.1 will be submitted." The government did not move for a downward departure. At sentencing, the district court reviewed the information provided by Ruiz-Beas and found that a downward departure was not warranted because the government acted in good faith when it determined that he was not being truthful regarding his involvement in cocaine trafficking activities.
 
 
 10
 Ruiz-Beas argues that the district court erred by applying a good faith standard rather than a reasonableness standard in reviewing the government's failure to move for a downward departure under section 5K1.1. This argument lacks merit.
 
 
 11
 "[T]his circuit has recognized that section 5K1.1's requirement that departure be premised on a government motion 'might not apply if the prosecution has acted with bad faith or arbitrariness that might conceivably present a due process issue.' " Goroza, 941 F.2d at 908 (quoting United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991)). Thus, the district court did not err by applying a good faith standard in reviewing the government's failure to move for a downward departure. See Goroza, 941 F.2d at 908.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3