979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Robert GOROZA, Defendant-Appellee.
 No. 92-10038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1992.
Decided Nov. 20, 1992.
 
 Before JAMES R. BROWNING, WILLIAM A. NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case raises for the second time on appeal the question whether the district court erred in reducing Goroza's sentence as a reward for his cooperation with the government. Because we are bound by our previous decision in United States v. Goroza, 941 F.2d 905 (9th Cir.1991) ("Goroza I "), we must hold that the departure was error.
 
 
 3
 When originally sentencing Goroza, the district court expressed its belief that the government's failure to move for a departure absolutely barred it from departing under Guideline Section 5K1.1. The district court made an equivalent departure under another section of the Guidelines, but we struck it down in Goroza I. Significantly for this case, we also agreed in Goroza I that the district court lacked authority to depart under Section 5K1.1, but for a different reason. We relied upon our intervening decision in United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991), in which we recognized an exception to the rule against sua sponte departures where the government's refusal to seek a departure was arbitrary or in bad faith. We made our own finding of fact that the government's refusal in Goroza's case represented neither arbitrariness nor bad faith, and upheld the district court's lack of authority to depart under Section 5K1.1 on that basis. 941 F.2d at 908.
 
 
 4
 On remand, the district court was understandably distressed that we had made a finding of fact regarding the arbitrariness of the government's action, a finding with which it strongly disagreed. Although we share the district court's concern about appellate fact-finding, we are bound by Goroza I and cannot revisit its holding that departure under Section 5K1.1 was improper in the absence of a government motion.
 
 
 5
 On remand, the district court also grounded its departure on the assertedly independent ground that Goroza's sentence should be equalized with that of a codefendant who was equally culpable in the underlying offense, but who was rewarded for her cooperation with the government. The flaw in this argument is that Goroza's sentence exceeds that of his codefendant precisely because she was rewarded for cooperation and he was not. Unequal sentences for these two codefendants were the intended result of the Sentencing Guidelines. We cannot uphold a departure to equalize their sentences without directly contradicting our earlier holding that a departure for cooperation was improper in Goroza's case.
 
 
 6
 On remand, the district court may wish to consider whether the peculiar facts of this case constitute an unusual circumstance of the kind that justifies departure under Section 5K2.0. While his case has bounced back and forth between this court and the district court, Goroza has served the 30-month prison sentence twice imposed on him and is now living and working in the community under supervised release. The Commission may not have considered the appropriateness of re-incarcerating a defendant who, due to judicial delays and mistakes, completed his assigned prison term before the district court could sentence him for a third time. We are aware that the district court stated, in obvious frustration, that it would automatically impose a 51-month sentence if we were to reverse and remand again. We are confident that upon reflection the able district judge will wish to reconsider that assertion and that he will attempt to impose as fair and equitable a sentence as possible under the circumstances.
 
 
 7
 In the interests of a speedy resolution of Goroza's case, this panel retains jurisdiction to hear any further appeal that might result from Goroza's resentencing. The sentence is VACATED and the case REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3