990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Joseph GILES, Defendant-Appellant.
 No. 92-50303.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided March 24, 1993.
 
 Before SCHROEDER, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Joseph Giles appeals his sentence under the Sentencing Guidelines following his guilty plea to conspiracy to manufacture, to aid and abet the manufacture of, and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; manufacture of and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Giles contends the district court erred by upholding the government's "arbitrary" refusal to file a section 5K1.1 motion and by not specifically enforcing the plea agreement to require the government to file a section 5K1.1 motion.
 
 
 3
 The district court had jurisdiction under 18 U.S.C. § 3231. Notice of appeal was timely filed. Fed.R.App.P. 4(b). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 4
 1. Government's Refusal to File Section 5K1.1 Motion[1]
 
 
 5
 Giles contends the district court erred by upholding the government's refusal to file a section 5K1.1 motion for substantial assistance because the refusal was arbitrary and violative of his due process rights. A.O.B. at 8, 13.
 
 
 6
 In Wade v. United States, --- U.S. ----, 112 S.Ct. 1840, 1843-44 (1992), the Supreme Court held that a district court has authority to review a prosecutor's refusal to file a substantial assistance motion if the court finds that the refusal was based on an unconstitutional motive, such as race or religion. See also United States v. Urbani, 967 F.2d 106, 109 (5th Cir.1992) (absent a substantial threshold showing of an unconstitutional motive, a district court lacks authority to scrutinize level of defendant's cooperation and interpose its own assessment of its value). The Court added, "[i]t follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery ... [n]or would additional but generalized allegations of improper motive." Wade, 112 S.Ct. at 1844; see also United States v. Redondo-Lemos, 955 F.2d 1296 (9th Cir.1992).
 
 
 7
 Giles's contention cannot survive the framework established by the Supreme Court in Wade. Giles, like Wade, "has never alleged, much less claimed to have evidence tending to show, that the Government refused to file a motion for suspect reasons...." Wade, 112 S.Ct. at 1844. The entirety of Giles's argument, both to the district court and to this court, is that given his level of assistance, the government's decision not to file a section 5K1.1 motion was arbitrary and without justification. This is exactly the type of claim the Court in Wade found was not enough, noting that "although a showing of [substantial] assistance is a necessary condition for relief, it is not a sufficient one." Id. Accordingly, the district court did not err in upholding the government's refusal to file the section 5K1.1 motion.
 
 2. Specific Performance of Plea Agreement
 
 8
 Giles also argues the district court erred by not ordering specific performance of the plea agreement to require the government to file a section 5K1.1 motion to depart downward for substantial assistance because Giles provided "completely truthful, forthright and honest assistance and information." A.O.B. at 14.
 
 
 9
 "A plea bargain is contractual in nature and is measured by contractual standards." United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991). "Thus, any dispute over the terms of the agreement will be determined by objective standards." Id. "What the parties agreed to 'is a question of fact to be resolved by the district court.' " United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985) (quoting United States v. Krasn, 614 F.2d 1229, 1233 (9th Cir.1980)), cert. denied, 479 U.S. 835 (1986). We review a district court's findings as to terms of a plea agreement for clear error. Id.
 
 
 10
 The written plea agreement between Giles and the United States Attorney's Office states, in part:
 
 
 11
 Certain legal provisions empower this Office to move the court to impose a sentence below the sentencing range dictated by the sentencing guidelines in cases where the defendant provides substantial assistance to law enforcement. See U.S.S.G. § 5K1.1.... This Office is willing to consider future cooperation provided by you in determining whether any such motions for departure are appropriate. You understand that any decision to move for a reduction of your sentence is within the discretion of this Office and that a decision by this Office not to file a motion for a downward departure will not allow you to withdraw your plea of guilty or fail to comply with your obligations, as set forth in this agreement. Such departures and reductions are contingent on your completely truthful, forthright and honest assistance and information. Moreover, this agreement is not contingent, in any way, upon the outcome or success of any investigation, proceeding or subsequent trial resulting from the information or testimony that you provide.
 
 
 12
 A.E.R. at 22-23.
 
 
 13
 The district court found that the terms of the contract gave the government discretion to bring a section 5K1.1 motion if the government, exercising reasonable discretion and conducting reasonable follow-up on the information provided, determined that Giles had not only been completely truthful, forthright, and honest, but had also provided "substantial assistance." G.E.R. at 52-53, 72, 83, 96. The district court further found that the government did not breach the plea agreement because the government exercised reasonable discretion and reasonable follow-up in determining that Giles did not provide substantial assistance to the government. G.E.R. at 96, 98, 127. These findings are not clearly erroneous.
 
 
 14
 The district court did not err by refusing to order the government to file a section 5K1.1 motion.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 5K1.1 of the United States Sentencing Commission Guidelines Manual (Nov. 1991) states in pertinent part: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."