993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terence Timothy MIGUEL, Defendant-Appellant.
 No. 92-50572.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terence Timothy Miguel appeals his sentence, imposed under the United States Sentencing Guidelines ("Guidelines"), following his conviction by guilty plea for unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Miguel claims the district court erred by failing to depart downward in light of his Native American heritage and lack of youthful guidance.
 
 
 3
 Although "[w]e have jurisdiction to review a district court's refusal to depart downward based on its interpretation of the law as barring ... departure," United States v. Goroza, 941 F.2d 905, 908 (9th Cir.1991), a district court's discretionary decision not to depart downward is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 103 n. 2 (9th Cir.1990). We have interpreted a district court's imposing a mid-range sentence as indicating its disinclination to depart downward. United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 111 S.Ct. 1126 (1991).
 
 
 4
 Here, the district court considered briefs and oral arguments that Miguel's psychosocial and biological predisposition to abuse drugs and his lack of youthful guidance warranted a downward departure. At the conclusion of the sentencing hearing, the district court said, "I do not find that the factors that require a downward departure are present here," and sentenced Miguel to a mid-range term of imprisonment. When Miguel's attorney asked the district court to comment on his argument, the court responded, "If you want to test the factor and its impact on the sentence, you can do that in the appellate court ... You are just--we are doing this so that you have a good record to go up on; is that right ... I don't find the mitigating factors to be present, but I do not question the sincerity of the expert."
 
 
 5
 Citing this colloquy, Miguel argues that the district court believed it lacked the legal authority to depart. We disagree. There is no indication in the record that the court's refusal to depart downward was anything but discretionary. The district court considered Miguel's argument and the testimony of his expert witness before announcing its decision not to depart, and sentenced Miguel in the middle of the applicable Guidelines range. In light of these facts, we conclude that the district court's refusal to depart was discretionary. See Sanchez, 914 F.2d at 1363. Therefore, we are without jurisdiction to review this appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3