995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Charles AUSTIN, Defendant-Appellant.
 No. 92-50609.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Charles Austin appeals his 24-month sentence imposed following his guilty plea to six counts of mail fraud and two counts of using fictitious names in violation of 18 U.S.C. §§ 1341 and 1342. Austin contends that the district court erred by making an upward adjustment in his United States Sentencing Guidelines offense level based on its finding that the amount of loss exceeded $10,000. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Austin contends that in determining the amount of loss, the district court should have considered the promotional discounts that he could have received under each contract that he entered into by fraud. This argument lacks merit.[1]
 
 
 4
 We review de novo the district court's legal interpretation of the Guidelines and for clear error the district court's finding on the amount of loss to the victim. United States v. Nazifpour, 944 F.2d 472, 474 (9th Cir.1991).
 
 
 5
 The Sentencing Guidelines provide for a three-level upward adjustment to the base offense level in fraud and deceit cases where the amount of loss to the victim exceeds $10,000. U.S.S.G. § 2F1.1(b)(1)(D). When a tangible item is involved so that the value is relatively easy to determine, the amount of loss calculated should reflect the estimated market value of the goods. United States v. Hernandez, 952 F.2d 1110, 1118 (9th Cir.1991); see U.S.S.G. § 2B1.1, comment. (n. 2); but see United States v. Wilson, 900 F.2d 1350, 1356 (9th Cir.1990) (fair market value of loss difficult to establish where employee stole company information to sell to competitor). If an intended loss amount can be determined, this figure will be used if it is greater than the actual loss. U.S.S.G. § 2F1.1, comment. (n. 7). The district court need not calculate a precise or exact figure but only a reasonable estimate of the loss. U.S.S.G. § 2F1.1, comment. (n. 8); United States v. Davis, 922 F.2d 1385, 1392 (9th Cir.1991).
 
 
 6
 Here, Austin fraudulently mailed approximately 128 applications to BMG Direct Marketing for membership in BMG video cassette, compact disc and tape cassette mail order clubs. With a limit of one application per customer, BMG offers new members four compact discs for one penny, three video cassettes for $1.00 each, and six tape cassettes for one penny. BMG sent Austin over 600 video cassettes, compact discs and tape cassettes. The district court determined that the amount of loss to BMG was $10,459.84.[2] Austin concedes that the retail market price of a compact disc is $14.98, a video cassette is $39.95, and a tape cassette is $8.98, but argues that the amount of loss was actually $2,999.11 when one considers the promotional discount offered to new members.
 
 
 7
 We agree with the district court's refusal to grant Austin the benefit of the promotional discounts for each application. The promotional discount was limited to one per customer, and by repeatedly applying with false names and information, Austin knowingly intended to defraud BMG of a greater loss than it was willing to take for the purpose of increasing its membership. Because the items Austin received had readily ascertainable market values, the district court properly used the estimated market value in determining the amount of loss. See U.S.S.G. § 2B1.1, comment. (n. 2); Hernandez, 952 F.2d at 1118. This amount properly reflected the intended loss that Austin attempted to inflict. See U.S.S.G. § 2F1.1, comment. (n. 7).
 
 
 8
 Accordingly, we hold that the district court reasonably estimated the amount of loss to BMG and properly adjusted Austin's offense level. See Davis, 922 F.2d at 1392.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Austin stipulated in the plea agreement that the total amount of loss exceeded $10,000 and that an adjustment of three levels was warranted pursuant to U.S.S.G. § 2F1.1(b)(1)(D). While the district court is not bound to a plea agreement's written stipulation of facts relevant to sentencing, see U.S.S.G. § 6B1.4(d), the party who so stipulated cannot contest the facts underlying the stipulation. United States v. Shapiro, 879 F.2d 468, 470 (9th Cir.1989) (stipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions); see also United States v. Parrott, No. 92-55305, slip op. 4159, 4164 (9th Cir. April 27, 1993) (district court may award specified amount of restitution, even if greater than the amount of losses alleged in the indictment, where the defendant stipulated to the amount of restitution in a plea agreement); United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991) (plea agreement is contractual in nature). Nonetheless, because the district court relied on its own determination of the fair market value of the amount of loss and not the stipulation, we consider the merits of Austin's substantive arguments
 
 
 [2]
 Austin also ordered merchandise valued at $2,876 from other companies, but his contention on appeal addresses only the amount of loss suffered by BMG