8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary SPELLMAN, Defendant-Appellant.
 No. 92-50745.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1993.*
Decided Sept. 29, 1993.
 
 1
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Gary Spellman raises two issues on his appeal from a sentence of twenty-one months imprisonment for conspiracy to commit bank fraud. First, he contends that the district court erred in finding that the Government had not breached the plea agreement, where the Government failed to recommend a downward departure even though he cooperated in good faith with its investigation. Second, Spellman argues that because he cooperated in good faith with the Government, the district court erred in refusing to depart downward from the Sentencing Guidelines on its own motion pursuant to U.S.S.G. § 5(k)(2.0).
 
 
 4
 The district court held that under the terms of the plea agreement, the prosecutor had sole discretion under U.S.S.G. § 5(k)(1.1) to recommend that the court downwardly depart from the minimum sentence provided for by the sentencing guidelines. It held that under U.S.S.G. § 5(k)(1.1), it could not require a downward departure from the minimum sentence, absent bad faith or arbitrariness in the prosecutor's refusal to make the motion. The court further held that it did not have authority under U.S.S.G. § 5(k)(2.0) to depart downward from a defendant's sentence on its own motion.
 
 
 5
 We agree with the district court on both issues, finding that the district court did not err in determining that the Government did not breach the plea agreement by refusing to recommend a downward departure for defendant Spellman's sentence, and that the district court did not have authority to depart downward on its own motion under U.S.S.G. § 5(k)(2.0). We thus affirm its decision.
 
 A. Plea Agreement
 
 6
 Spellman contends that the Government breached the plea agreement by failing to recommend a downward departure pursuant to section 5K1.1 because he cooperated in good faith with the Government's investigation of bank fraud schemes. Spellman's plea agreement provided, in pertinent part,
 
 
 7
 [i]n the event that [Spellman] provides assistance which is of substantial value to the government, the government will recommend that the court depart downward from the applicable guideline range under § 5K1.1 of the Sentencing Guidelines. The determination of whether [Spellman] has substantially assisted the government will be within the sole discretion of the government." [ER at 31].
 
 
 8
 The plea agreement in this case is similar to the plea agreement in Goroza v. United States, 941 F.2d 905, 909-10 (9th Cir.,1991). In Goroza, the plea agreement provided, in pertinent part, "the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has made a good faith effort to provide substantial assistance to authorities.... The decision as to whether to make such a request or motion is entirely up to the prosecution." Id. The court in Goroza found that the plea agreement did not require the Government to recommend a downward departure because the plea agreement gave the prosecution the discretion to determine whether to make the motion. Id. at 910.
 
 B. § 5(k)(2.0) Claim
 
 9
 Spellman also contends that because he cooperated in good faith with the Government, the district court erred in refusing to depart downward from his sentence pursuant to U.S.S.G. § 5(k)(2.0). This court has held that section 5(k)(2.0) does not provide district courts with the authority to depart downward from a defendant's sentence, even where the defendant has cooperated with the Government, unless the Government has abused its discretion.
 
 
 10
 "[T]o allow the court to initiate the consideration of downward departure for cooperation would render meaningless section 5K1.1's requirement that any downward departure based on substantial cooperation be premised on a motion ... by the government.... Whether or not the district court agrees with the government's determination, and regardless of the factors on which the government's determination is based, so long as the government does not exceed the bounds of its discretion, departure under 5K2.0 for cooperation with the government is inappropriate."
 
 
 11
 Goroza, 941 F.2d at 909.
 
 
 12
 A district court can only grant a downward departure in response to a defendant's cooperation with a Government investigation pursuant to section 5(k)(1.1). Id. A Government motion is a prerequisite for a court's downward departure under section 5(k)(1.1). Id. This court can only review the Government's failure to move for a downward departure if the defendant can show that the Government's refusal was based on an unconstitutional motive such as to discriminate on the basis of race or religion. Wade v. United States, 112 S.Ct. 1840, 1844 (1992). Spellman has not argued on appeal that the Government's failure to recommend a downward departure was based on an unconstitutional motive. Thus, we conclude that the district court correctly declined to depart from the Sentencing Guidelines.
 
 Conclusion
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3