15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martin RIVAS, Defendant-Appellant.
 No. 93-10303.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Rivas appeals his 120-month sentence following entry of a guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. Rivas contends the government breached the terms of the negotiated plea agreement when it failed to move for a downward departure under U.S.S.G. Sec. 5K1.1 from the applicable United States Sentencing Guidelines sentencing range. The government counters that Rivas waived his right to appeal his sentence as part of the plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo whether an appellant has waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 4
 We have previously held that government breach of a plea agreement releases a defendant from the duty to abide by the terms of that agreement, including a promise not to appeal. United States v. Gonzalez, 6 F.3d 1415, 1420 (9th Cir.1993); cf. United States v. Serrano, 938 F.2d 1058, 1060 (9th Cir.1991) (where sentence received is not in accordance with the plea agreement, waiver does not apply). Thus, in order to determine whether Rivas' appeal waiver is enforceable, we must address the merits of his claim the government breached the plea agreement.
 
 
 5
 "Plea agreements are contractual in nature and are measured by contract law standards." United States v. Keller, 902 F.2d 1391, 1293 (9th Cir.1990). In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. As with other contracts, provisions of plea agreements are occasionally ambiguous; the government "ordinarily must bear responsibility for any lack of clarity." [ United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992), amended, 990 F.2d 1163 (1993) ]. Construing ambiguities in favor of the defendant makes sense in light of the parties' respective bargaining power and expertise.
 
 
 6
 United States v. De La Fuente, No. 92-10719, slip op. 12099, 12106-07 (9th Cir. Oct. 27, 1993) (footnotes and citations omitted); accord United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991).
 
 
 7
 Rivas' plea agreement provided in relevant part:
 
 
 8
 [p] 8. If the [United States Attorney's] Office [for the Northern District of California], at its sole discretion, exercised in conjunction with the judgment of the U.S. Attorney's Office for the District of Montana, determines that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities, and testified truthfully and otherwise provided valuable information, the Office may agree to a downward departure under the United States Sentencing Guidelines. Further, and again depending upon its own evaluation of the defendant's cooperation exercised in conjunction with the judgment of the U.S. Attorney's Office for the District of Montana, the Office may file a motion with the sentencing court setting forth the nature and extent of the defendant's cooperation and requesting that the court, at its discretion, impose a sentence below the applicable mandatory minimum sentence....
 
 
 9
 * * *
 
 
 10
 [p] 19. This agreement constitutes all the terms of the plea bargain between the Office and the defendant, and the Office has made no other representations to the defendant or his attorney. All terms not specifically addressed herein remain open.
 
 
 11
 The terms of this agreement do not on their face require the government to make a motion for downward departure, that discretion is vested in the prosecutor. See Goroza, 941 F.2d at 910. Rivas argues the government exercised this discretion in an arbitrary and capricious manner when it declined to make the motion for a downward departure, ignoring the fact that Rivas told the government everything he knew about the cocaine conspiracy. We reject this characterization of the government's decision.
 
 
 12
 Even if we accept that Rivas was entirely forthright and truthful in his dealing with the government, it is inescapable that the information which he provided was merely cumulative of information already known by the authorities. Regardless of the definition given to "substantial assistance" by either Rivas or the government, one of the other requirements of the plea agreement was that Rivas' information prove "valuable." It is Rivas' misfortune that the information in his possession turned out not to be valuable to the government; but, under these circumstances, the government was well within its rights under the agreement when it declined to move for a downward departure based upon Rivas' cooperation. See Goroza, 941 F.2d at 910.
 
 
 13
 Because we hold the government did not breach the plea agreement with Rivas, Rivas' waiver of the right to appeal his sentence is enforceable and we affirm the district court's judgment. See Bolinger, 940 F.2d at 480.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3