26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denmark David REQUENA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommie Lee EVANS, Defendant-Appellant.
 Nos. 93-50399, 93-50435.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1994.*
Decided May 25, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Denmark David Requena and Tommie Lee Evans appeal their sentences imposed under the Sentencing Guidelines following guilty plea convictions for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d). We affirm Evans' sentence and vacate and remand Requena for sentencing.
 
 I.
 A.
 Requena
 
 4
 Denmark David Requena raises one issue on appeal of his sentence: whether there was sufficient evidence for a two-point upward adjustment for reckless endangerment during flight under U.S.S.G. Sec. 3C1.2 based on his participation in a high-speed chase.
 
 
 5
 Application of the Sentencing Guidelines is reviewed de novo. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). The district court's findings of fact are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 6
 Requena contends that the conduct of the driver and codefendant Evans was not reasonably foreseeable. We conclude that this is not the correct test. We follow United States v. Luna, No. 93-10035, slip op. 4505, 4531 (9th Cir. May 4, 1994) and find that Requena was merely a passenger riding in the back seat of the getaway car. He did not aid or abet the conduct of Evans and the driver that endangered others. Therefore, Requena's sentence is vacated and remanded for sentencing.
 
 B.
 Evans
 
 7
 Tommie Lee Evans appeals the district court's refusal to depart downward based on his "tragic personal history." A district court's discretionary refusal to depart downward from the Sentencing Guidelines is not reviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). A district court's decision not to depart downward based on an erroneous conclusion that it lacked the power to do so is reviewable de novo. United States v. Goroza, 941 F.2d 905, 908 (9th Cir.1991).
 
 
 8
 In its brief the government quotes copiously from the sentencing transcript to unequivocally show that the district court stated that if it had the authority to depart downward it would not exercise its discretion:
 
 
 9
 So what I'm saying is that without deciding whether departure is permitted for the assertions that [defense counsel] has made, my view is that even if departure is allowed, it's not--the court does not choose to exercise its discretion to do it here. It appears to me that the facts of the case just simply don't merit that.
 
 
 10
 Accordingly, we have no jurisdiction to review the refusal to depart downward. Therefore, Evans' sentence is affirmed.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3