119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe BELTRAN-BUSTAMANTE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Isabel OLIVAS-LARA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Ernesto OJEDA, Defendant-Appellant.
 Nos. 95-50391, 95-50467, 95-50485.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 18, 1997.
 
 1
 MEMORANDUM*
 
 
 2
 In this consolidated appeal, Guadalupe Beltran-Bustamante and Jose Isabel Olivas-Lara appeal their sentences under the Sentencing Guidelines. Jose Ernesto Ojeda appeals his conviction by guilty plea and his sentence. Ojeda's attorney has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and a motion to withdraw as counsel of record.
 
 
 3
 We review de novo whether an appellant has waived his statutory right to appeal. See United States v. Catherine, 55 F.3d 1462, 1464 (9th Cir.1995). An express waiver of the right to appeal in a plea agreement is valid if made knowingly and voluntarily. See United States v. Haggard, 41 F.3d 1320, 1325 (9th Cir.1994).
 
 A. Jose Isabel Olivas-Lara
 
 4
 The government argues that Olivas-Lara has waived his right to appeal his sentence. We agree. In the section of his plea agreement entitled "Waiver of Appeal," Olivas-Lara specifically waived his right to appeal any sentence within the applicable Sentencing Guidelines range. In addition, at the change of plea hearing, the court specifically asked Olivas-Lara "do you understand that by signing this plea agreement, you are giving up your right to appeal from any sentence that the Court imposes as long as the Court imposes a sentence within the guideline range." Olivas-Lara replied "Yes." Accordingly, we dismiss Olivas-Lara's appeal. See Haggard, 41 F.3d at 1325.
 
 B. Jose Ernesto Ojeda
 
 5
 We likewise hold that Ojeda knowingly and voluntarily waived his right to appeal any sentence within the guideline range. In the plea agreement, Ojeda explicitly waived his right to appeal any sentence within the applicable Sentencing Guidelines range. In addition, at the change of plea hearing, the court specifically informed Ojeda that the plea agreement "indicates that, as long as your sentence is within the applicable sentencing guideline range, that you are giving up your right to appeal. Do you understand that?" Ojeda replied "Yes." Because Ojeda's 235-month sentence is consistent with the terms of the plea agreement and our independent review of the record discloses no indication that the waiver of appeal is invalid, we grant counsel's motion to withdraw and dismiss Ojeda's appeal. See id.
 
 C. Guadalupe Beltran-Bustamante
 
 6
 The government also argues that Beltran-Bustamante's appeal must be dismissed because he too waived his right to appeal. A defendant's waiver of appeal, however, is unenforceable if the defendant is sentenced in violation of the plea agreement. See United States v. Serrano, 938 F.2d 1058, 1060 (9th Cir.1991). Accordingly, we reach Beltran-Bustamante's contention that the government breached the plea agreement by arguing for a two-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(2) for use of a weapon and a two-level upward adjustment pursuant to U.S.S.G. § 3C1.1 for obstruction of justice.
 
 
 7
 Plea agreements are governed by contract law standards. See United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). In determining whether a breach of the plea agreement occurred, we look to what the defendant reasonably understood to be the terms of the agreement when he pled guilty, construing any ambiguities in the defendant's favor. See id.[1] Any dispute over the terms of the agreement must be resolved by objectively viewing the disputed terms. See United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991).
 
 
 8
 Here, the government and the defendant agreed in the plea agreement that the base offense level was thirty-eight. The government agreed that it would move for a three-level downward adjustment pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.2 for acceptance of responsibility and a three-level downward adjustments pursuant to U.S.S.G. § 3B1.2 for role in the offense. After Beltran-Bustamante pled guilty, the government filed a supplemental position regarding sentencing factors in which it argued for a two-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(2) for use of a weapon and a two-level upward adjustment pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. At sentencing, Beltran-Bustamante's counsel objected to the two increases, arguing that the government was breaching the plea agreement.
 
 
 9
 The plea agreement stated: "You further understand that both you and this office are free to supplement [the] stipulated facts by supplying relevant information to the United States Probation Office." In addition, the agreement stated that "there are no additional promises, understandings or agreements between the government and you or your counsel concerning ... the sentence that might be imposed as a result of your guilty plea pursuant to this agreement."
 
 
 10
 Because the plea agreement did not prohibit the government from arguing other sentencing factors, the disputed terms of the agreement, viewed objectively, do not support Beltran-Bustamante's argument that the government breached the plea agreement. See Goroza, 941 F.2d at 909. Accordingly, Beltran-Bustamante's appeal is dismissed.
 
 
 11
 In case number 95-50485, counsel's motion to withdraw is GRANTED and Ojeda's appeal is DISMISSED. In case number 95-50467, Olivas-Lara's appeal is DISMISSED. In case number 95-50391, Beltran-Bustamante's appeal is DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The standard of review for breach of a plea agreement is unclear. See United States v. Salemo, 81 F.3d 1453, 1460 (9th Cir.) (reviewing alleged breach of a plea agreement for clear error), cert. denied, 117 S.Ct. 436 (1996). But see United States v. Diamond, 53 F.3d 249, 252 (9th Cir.) (reviewing alleged breach of a plea agreement de novo), cert. denied, 116 S.Ct. 326 (1995). We need not resolve this issue, because under either standard, the government did not violated the plea agreement