139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Ronald Joseph TRIGUEIRO, Defendant-Appellant.
 No. 97-10186.
D.C. No. CR-96-00067-DWH.
 United States Court of Appeals, Ninth Circuit.
 Submitted, Feb. 12, 1998**.
Decided Feb. 24, 1998.
 
 Appeal from the United States District Court for the District of Nevada David W. Hagen, District Judge, Presiding.
 Before HUG, Chief Judge, and FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Joseph Trigueiro appeals the sentence imposed following his guilty plea conviction for distribution of amphetamine and use of a semiautomatic weapon during the commission of a crime, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 924(c). Because Trigueiro waived the right to appeal his sentence in his plea agreement, we dismiss the appeal. See United States v. Michlin, 34 F.3d 896, 901 (9th Cir.1994).
 
 
 3
 Trigueiro's plea agreement contained a waiver of appeal provision. Trigueiro reserved, however, the right to appeal his sentence to the extent that it "is determined to be an offense level higher than 14 prior to the acceptance of responsibility reduction and the criminal history is determined to be higher than a Criminal History Category IV" (emphasis added). Trigueiro argues that because he was sentenced under Criminal History Category V, the waiver provision does not apply. He is wrong.
 
 
 4
 A plea agreement is contractual in nature and any dispute over its terms is determined by objective standards. See United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991). The conjunctive reading of the word "and," especially where, as here, the conjunctive clause is preceded by a disjunctive "or," is the only objective interpretation of the waiver provision. Because Trigueiro's offense level is not higher than 14, the reservation-of-right-to-appeal provision does not apply. Furthermore, while Trigueiro was determined to be in Criminal History Category V, he was still sentenced within the range that was contemplated in the plea agreement, 27-33 months.[1] Accordingly, he waived the right to appeal his sentence.
 
 
 5
 DISMISSED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 This is the range both for an offense level of 12 with a Criminal History Category of V, and for an offense level of 14 with a Criminal History Category of IV. See USSG Ch.5, Pt.A