**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Polotani LATU, aka "Paul" aka "P", Defendant—Appellant.**

No. 04–10071.
D.C. No. CR–02–00174–01–HG.

United States Court of Appeals, Ninth Circuit.

Submission deferred April 15, 2005.

Submitted June 8, 2005.[*]

Decided June 13, 2005.

Thomas C. Muehleck, Asst. U.S. Atty., USH-Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Richard T. Pafundi, Office of Richard T. Pafundi Attorney at Law, Honolulu, HI, for Defendant–Appellant.

Before D.W. NELSON, CALLAHAN, and BEA, Circuit Judges.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**MEMORANDUM**[**]

The district court did not abuse its discretion by denying Latu's motion to withdraw his guilty plea. Latu failed to show a "fair and just reason" for the withdrawal of his guilty plea. Fed.R.Crim.P. 11(d)(2)(B). Because Latu's testimony during his change-of-plea hearing contradicts his assertions that he was inadequately informed, he has not provided a sufficient reason for plea withdrawal. Latu's argument that the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), renders his plea involuntary and unknowing also lacks merit. *See Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (holding that "absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise" (citation omitted)); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (in the waiver-of-appeal context, rejecting a similar argument that the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2004), made a plea involuntary).

The district court correctly rejected Latu's request for a downward departure under United States Sentencing Guidelines § 5K1.1. Pursuant to § 5K1.1, the government may, but is not required to, seek a downward departure. The government did not act arbitrarily or on the basis of an unconstitutional motive by failing to request a departure because it found Latu's testimony untruthful. *Wade v. United*

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States,* 504 U.S. 181, 186–87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Goroza,* 941 F.2d 905, 908 (9th Cir.1991).

Accordingly, we affirm the judgment of the district court, but stay our mandate to allow the parties to respond to our order filed concurrently herewith requesting notification of whether the parties wish to pursue a remand under *United States v. Ameline,* 409 F.3d 1073, –––– ––––, slip op. at 27–28 (9th Cir.2005). The Clerk is directed to stay the mandate pending further order of this Court.

**AFFIRMED. MANDATE STAYED.**