**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Renee SHREWSBERRY, Defendant–
Appellant.**

No. 91–10493.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1992.

Decided Dec. 7, 1992.

---

Michael R. Levine, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Miguel Rodriguez, and Samuel Wong, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before: SCHROEDER, NORRIS, and BRUNETTI, Circuit Judges.

PER CURIAM:

Renee Shrewsberry appeals her four-year sentence imposed after a guilty plea to one count of use of a telephone to facilitate a drug transaction in violation of 21 U.S.C. § 843(b). After her arrest Shrewsberry cooperated with the government, and as part of a plea bargain, the government dismissed two counts of conspiracy to distribute cocaine and possession of cocaine with intent to distribute.

The government did not recommend a downward departure for sentencing because it had already dismissed the other counts. Shrewsberry argues that she is entitled to a downward departure due to (1) her extensive cooperation with the judiciary in breaking open the case; (2) her family obligations; (3) the unusual circumstance that Shrewsberry's mother was the informant who called the police to arrest her; and (4) the totality of the circumstances. She argues that the district court was incorrect in stating that it had no authority to depart downward in these circumstances.

■ The district court correctly concluded that it did not have the authority to depart downward based on Shrewsberry's substantial assistance to the government. Under Guideline Section 5K1.1 there must be a government request for departure based on such conduct, and the government did not request a downward departure. *See United States v. Goroza,* 941 F.2d 905, 908 (9th Cir.1991). There is no suggestion in this case of governmental bad faith or arbitrariness, which would warrant the district court to depart downward absent a governmental motion. *See Wade v. United States,* — U.S. —, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992); *United States v. Mena,* 925 F.2d 354, 356 (9th Cir.1991).

Shrewsberry asks us to follow the Second Circuit's opinion in *United States v. Garcia,* 926 F.2d 125 (2d Cir.1991), upholding the district court's downward departure for cooperation because the cooperation was rendered to the judicial system, in contrast to the prosecution, and thus was a consideration not taken into account under the Guidelines. Although we understand the district court's frustration that the Guidelines have transferred a measure of

its traditional discretion to the prosecutor, we decline to follow *Garcia.* It is difficult to imagine any material assistance to the prosecution that does not aid the courts in the administration of justice. Nor can assistance to the courts fail to aid the prosecution in some measure. Here, as in both *Goroza* and *Garcia,* the conduct that appellant cites to support a downward departure is the same conduct that the government declined to use as a basis for recommending downward departure. If our decision in *Goroza* is to be honored, we cannot hold that the district court may put a different label on the same conduct and authorize a departure. *Accord U.S. v. Lockyer,* 966 F.2d 1390 (11th Cir.1992) (district court did not err in refusing to depart downward for cooperation with the judiciary, since departure in Lockyer's case would subvert the Guidelines' acceptance of responsibility provisions).

 Shrewsberry contends that the district court erred in its denial of a downward departure based on family ties because it ruled it had no authority under the Guidelines to depart downward. The district court record belies this contention, however, since the district court stated that it had looked at the family circumstances and they were "not sufficiently unusual to justify departure." This decision was consistent with Guidelines' policy to downplay the relevance of family ties. *See* U.S.S.G. § 5H1.6; *United States v. Anders,* 956 F.2d 907, 913 (9th Cir.1992). Moreover, since it was a discretionary refusal to depart downward, it is not reviewable on appeal. *United States v. Morales,* 898 F.2d 99, 102 (9th Cir.1990).

 Similar considerations support the district court's refusal to depart downward based on the fact that Shrewsberry's mother was the informant. Shrewsberry cites no authority to support this claim. A family member's informing the police is not a mitigating circumstance within the meaning of 18 U.S.C. § 3553(b) or U.S.S.G. § 5K2.0.

 Finally, the district court did not err in determining that it lacked the authority to depart downward based on totality of the circumstances. Shrewsberry states that her totality objection was "implicit." The Federal Rules of Criminal Procedure require an explicit objection to the Presentence Report. Fed.R.Crim.P. 32(c)(3)(D). Since Shrewsberry did not make this argument to the district court, the argument is not preserved for appellate review. *United States v. Belden,* 957 F.2d 671, 674 (9th Cir.1992).

AFFIRMED.