996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John MARN, Defendant-Appellant.
 No. 92-10624.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1993.*
Decided June 30, 1993.
 
 Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Marn appeals his sentence following a guilty plea of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Marn argues that the district court erred in denying his motion for downward departure based on his girlfriend's attempts to assist in the prosecution of other methamphetamine suppliers. Marn also argues that he should have been allowed discovery regarding the government's attempts to work with his girlfriend. The government did not make a motion for substantial assistance. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * A motion of the Government is generally a prerequisite to departure under 18 U.S.C. § 3553(e). United States v. Vilchez, 967 F.2d 1351, 1355 (9th Cir.1992). Departure absent a government motion is appropriate in only very limited circumstances. Id. Specifically, if the government's failure to move for a downward departure is based on an unconstitutional motive, or is not rationally related to any legitimate government end, then departure absent a motion may be warranted. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992).
 
 
 4
 According to Marn, his girlfriend could have helped the government make an undercover methamphetamine purchase, but the government negligently failed to follow up on his offer, thereby depriving him of the opportunity for a downward departure. Marn does not allege that the government acted unconstitutionally. Rather, he asserts that the government declined to move for a downward departure for the improper motive of wanting to "cover up" their "bundled" investigation.
 
 
 5
 Absent bad faith or an unconstitutional motive for the government to refuse to make a § 5K1.1 motion, the district court could not depart downward for Marn's attempted assistance through his girlfriend. Wade, 112 S.Ct. at 1843-44; Vilchez, 967 F.2d at 1355-56. The district court stated at sentencing, "[w]e don't have a situation here where there has been alleged or proven any type of bad faith or misconduct by the government," and Marn's counsel responded "[o]ther than negligence, Your Honor." Thus, Marn failed to argue in the district court that there was bad faith or unconstitutional motive. To the extent that he now argues bad faith on appeal, we refuse to consider it. Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987) (general rule that issues first raised on appeal will not be considered). As Marn failed to allege or prove bad faith or unconstitutional motive, the district court properly declined to depart downward. See Vilchez, 967 F.2d at 1355-56 (departure absent a motion is appropriate in only very limited circumstances); United States v. Shrewsberry, 980 F.2d 1296, 1297 (9th Cir.1992) (absent arbitrariness or government bad faith, the district court could not depart downward).
 
 
 6
 Marn seeks to distinguish these cases by arguing that the Guidelines did not adequately consider situations in which the defendant's assistance proves worthless because of a government bungled investigation. The Guidelines clearly have considered the defendant's assistance to authorities in the investigation of criminal activity. U.S.S.G. § 5K1.1. The Guidelines leave it up to the government, and not the courts, to decide whether the defendant's overall assistance merits a downward departure. See id. ("Upon motion of the government ... the court may depart").
 
 
 7
 Marn also argues that the government did have an improper motive for not seeking a downward departure--it wanted to "save face" and cover up its bungled investigation. It is unclear why the government would want to cover up any failed attempts to arrange a drug transaction through Marn's girlfriend. In any event, wanting to cover up a bungled investigation is not an unconstitutional motive.
 
 
 8
 Marn also argues that we review the government's decision not to follow up with Marn's girlfriend since we would only be reviewing "operational negligence," rather than a discretionary decision not to prosecute. Wade, Vilchez, and Shrewsberry, however, limit review to violations of the constitution, and do not allow review for "operational negligence."
 
 II
 
 9
 Marn also argues that the district court erred in denying him discovery. According to Wade, a claim that a defendant merely provided substantial assistance or a generalized allegation of improper motivation is insufficient to entitle a defendant to discovery; to merit discovery or an evidentiary hearing, a defendant must make a substantial threshold showing. 112 S.Ct. at 1844. Marn has not.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3