2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donnie Denago FIELDS, Defendant-Appellant.
 No. 91-50447.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1993.*
Decided Aug. 13, 1993.
 
 Before NORRIS, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fields entered a guilty plea to charges he conspired to import and distribute marijuana. On appeal, he seeks to set aside the plea on the grounds that the government breached the plea agreement, and argues that, in any event, the district court erred in imposing sentence. We affirm.
 
 
 3
 Fields' offenses of conviction carry a statutory mandatory minimum 60-month sentence. The plea agreement specified that the government would recommend an acceptance of responsibility reduction, but further specified that it would be "within the sole discretion of the government" whether to move for the district court to impose a sentence below the statutory minimum on the grounds that Fields had provided the government "substantial assistance" within the meaning of Guidelines section 5K1.1. At sentencing, the government did recommend the reduction for acceptance of responsibility, but declined to recommend a downward departure under section 5K1.1. Fields was sentenced to the mandatory minimum 60 months.
 
 
 4
 The parties essentially agree that, in a good faith effort to render assistance, Fields gave the government all the information he had to give. At sentencing, the Assistant United States Attorney stated that Fields "did provide information. I believe he did what he could." However, the AUSA also stated that, for various reasons, the government was "not able to go anywhere with" the information Fields provided. The AUSA described for the district court the nature of that information, and detailed the government's efforts to make productive use of it, but represented that it had come to nothing. "That is the reason," she explained, "I am not in a position to make the motion" for a downward departure under section 5K1.1.[1]
 
 
 5
 Fields contends that the government's failure to recommend a downward departure violated his reasonable understanding of the plea agreement, and that he should therefore be allowed to set aside his plea. We are constrained to disagree. As noted, the plea agreement expressly stated that "the government has made no representations concerning 5K1.1 ... motions. Any decision concerning whether such a motion is appropriate lies within the sole discretion of the government." The government did not violate its agreement.
 
 
 6
 Fields next contends that the district court erred in not departing below the mandatory minimum even in the absence of a government request. We have suggested that the district court may depart downward under section 5K1.1 in the absence of a recommendation by the government when it is demonstrated that the recommendation was withheld arbitrarily or in bad faith. United States v. Shrewsberry, 980 F.2d 1296, 1297 (9th Cir.1992). There is no evidence in this case remotely suggestive of arbitrariness or bad faith on the part of the government.[2] The "significance and usefulness of the defendant's assistance" is expressly included among the factors to be considered under section 5K1.1 in determining whether that assistance is "substantial." Fields, unfortunately for him, simply did not have much useful information to offer. The district court carefully evaluated Fields' claims, and determined that a downward departure was unwarranted. That decision was not erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The government has included in its brief that portion of the transcript of Fields' sentencing hearing in which the AUSA explained the basis for the government's decision not to move for a downward departure. Fields has moved to strike this portion of the government's brief on the ground that it constitutes "testimony" by the AUSA in violation of Fields' rights under the Confrontation Clause of the Sixth Amendment. Fields cites no authority and offers no argument to support his position. The motion to strike is denied
 
 
 [2]
 Fields' counsel has made a number of motions, variously styled, aimed at compelling the government to produce the documentation on which it relied in determining that Fields had not rendered "substantial assistance," apparently in an effort to find evidence of bad faith. The motions cite no authority and offer no arguments in support of the request. The reason for this, we divine, is that the Supreme Court has squarely held that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.... [A] defendant has no right to discovery or an evidentiary hearing unless he makes a substantial threshold showing." Wade v. United States, 112 S.Ct. 1840, 1844 (1992). There has been no such showing, nor the promise of any such showing
 Moreover, as one of the motions itself reveals, a panel of this court has already denied a similar if not identical motion to "augment the record." That same panel, we note, assessed sanctions in the amount of $500 against Fields' counsel for her dilatory and unprofessional conduct in the prosecution of this appeal. On no fewer than four prior occasions, this court had warned counsel that her conduct might subject her to sanctions. We are therefore at a loss to understand how, under the circumstances, Fields' counsel could press upon us once again, without explanation or argument, a motion that we have already rejected.
 The relief requested in the "Amended Motion to Augment Record" and "Motion to Strike" is in all respects denied.