15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Yolanda Dannette COLE, Defendant-Appellant.
 No. 92-50571.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1993.
Decided Dec. 28, 1993.
 
 Before: TANG, D.W. NELSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Yolanda Dannette Cole was convicted by a jury of two counts of distributing more than 50 grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). She was sentenced to 151 months imprisonment on each count, to run concurrently, to be followed by five years supervised release. She appeals her convictions and sentence. We affirm.
 
 DISCUSSION
 I.
 
 3
 We review the sufficiency of voir dire for an abuse of discretion. United States v. Dischner, 974 F.2d 1502, 1524 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 4
 Cole challenges the district court's failure to ask jurors directly about their beliefs about the credibility of law enforcement officers. Whether this refusal constitutes reversible error depends, in part, upon the importance of the government agents' testimony and the extent to which the testimony is corroborated by non-agent witnesses. United States v. Baldwin, 607 F.2d 1295, 1298 (9th Cir.1979).
 
 
 5
 While the government agents' testimony was relevant to the jury's rejection of Cole's entrapment defense, the agents' testimony was corroborated by other evidence indicating that Cole had not been entrapped, including that Cole possessed a pager, police scanner, and loaded gun, and by her taped statement to Agent Harden that she was getting cocaine for someone else.
 
 
 6
 In light of the evidence corroborating the agents' testimony, the questions posed by the district court were sufficient. See United States v. Payne, 944 F.2d 1458, 1475 (9th Cir.1991) (where agents' testimony was corroborated by other evidence, sufficient to ask veniremembers about relationships to law enforcement officers and to give instruction to weigh the testimony of all witnesses equally), cert. denied, 112 S.Ct. 1598 (1992); United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.) (same), cert. denied, 112 S.Ct. 256 (1991).
 
 
 7
 The defense also requested the district court to ask replacement venirepersons about their views concerning narcotics laws. It was within the district court's discretion to refuse because the jury panel as a whole had previously been asked about this issue. The record fails to support Cole's contention that the initial voir dire was insufficient.
 
 
 8
 There was no abuse of discretion in denying the requested voir dire.
 
 II.
 
 9
 Cole was sentenced on an aggregate amount of 238 gms. of cocaine base. Under 21 U.S.C. Sec. 841(a)(1)(A)(3), a mandatory minimum of 10 years is required for distribution of more than 50 gms. of cocaine base. Cole argues that she should receive a downward departure for "sentencing entrapment" because the government agents sought to obtain amounts of cocaine base which would result in a sentence above the mandatory minimum. See United States v. Barth, 990 F.2d 422 (8th Cir.1993). The district court clearly found that it did not believe the Ninth Circuit recognized "sentencing entrapment," and that if it were a viable theory, it was not applicable in this case because the agents had not coerced Cole and she was predisposed to sell the amounts distributed. This discretionary refusal to depart is not reviewable on appeal. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 10
 In addition, Cole appears to contend that, even if she was predisposed to sell the amount of drugs involved, the government committed "outrageous conduct" by engaging in multiple transactions for the purpose of achieving the 50 gram threshold. Judge Hauk, however, made a factual finding that the transactions in this case were conducted for a legitimate investigatory purpose. Accordingly, this discretionary refusal to depart is similarly unreviewable.
 
 
 11
 We also reject Cole's argument that her role in the offense was akin to that of a "mule." See United States v. Valdez-Gonzalez, 957 F.2d 643, 649-50 (9th Cir.1992).[1]
 
 
 12
 Moreover, without a motion from the government, the district court had no authority to depart downward for her good faith attempt to cooperate. See United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989), cert. denied, 493 U.S. 1047 (1990).
 
 
 13
 Finally, Cole argues that her pregnancy during sentencing was an "extraordinary" family circumstance justifying downward departure. The district court concluded that the facts in this case did not rise to the level of "extraordinary family circumstances";[2] therefore, its failure to depart is unreviewable. See United States v. Shrewsberry, 980 F.2d 1296, 1298 (9th Cir.1992) (where district court held that family circumstances were "not sufficiently unusual to justify departure," the court's discretionary refusal to depart is not reviewable on appeal), cert. denied, 114 S.Ct. 120 (1993).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 But see United States v. Webster, 996 F.2d 209 (9th Cir.1993) (no longer valid grounds for departure in light of subsequent amendments to Guidelines)
 
 
 [2]
 Judge Hauk stated, "Now, this Johnson case [United States v. Johnson, 964 F.2d 124 (2nd Cir.1992) ], where she has a raft of children, a number of children, this may be a little different.... [The Guidelines say] that ordinarily that situation is not grounds for a departure ... Well, I don't think it's gotten to that point in this case." [ER 160-62.]