42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Edward FRY, Defendant-Appellant.
 No. 93-30470.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 16, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Edward Fry pleaded guilty to nine counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(d), and one count of possession of a firearm while committing a robbery in violation of 18 U.S.C. Sec. 924(c). Fry appeals his sentence contending that the district court erred in determining it had no authority to depart from the Guidelines for his assistance to authorities absent a motion from the government. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's refusal to depart where the court indicated that it did not have the discretion under the guidelines to depart. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 4
 There is no dispute that the government did not make a substantial assistance motion for departure pursuant to U.S.S.G. Sec. 5K1.1. The government's failure to make a motion precludes departure pursuant to U.S.S.G. Sec. 5K1.1. United States v. Shrewsberry, 980 F.2d 1296, 1297 (9th Cir.1992), cert. denied, 114 S.Ct. 120 (1993). Fry contends, however, that the district judge should have considered departure pursuant to U.S.S.G. Sec. 5K2.0 based on his assistance to the authorities in Rick Miller's case. According to Fry, material assistance to the criminal justice system and the courts was not considered by the Sentencing Commission in formulating the guidelines and therefore should be grounds for departure. United States v. Garcia, 926 F.2d 125 (2d Cir.1991). We disagree.
 
 
 5
 In United States v. Shrewsberry, 980 F.2d 1296 (9th Cir.1992), the defendant sought a departure based on Garcia for her assistance to the judiciary in "breaking open the case." We declined to follow Garcia concluding:
 
 
 6
 It is difficult to imagine any material assistance to the prosecution that does not aid the courts in the administration of justice. Nor can assistance to the courts fail to aid the prosecution in some measure.
 
 
 7
 Shrewsberry, 980 F.2d at 1298. Where the United States declines to move for departure based on the defendant's assistance to the authorities, the court may not grant a departure on the ground that the same assistance promoted the integrity of the courts. Accordingly, the district court correctly concluded that it lacked the authority to depart.
 
 
 8
 Further, we are not persuaded that Fry is entitled to a departure based on his acceptance of responsibility for the uncharged conduct. Fry received a departure for acceptance of responsibility for all the offenses charged pursuant to U.S.S.G. Sec. 3E1.1. A reduction for acceptance of responsibility under the Guidelines is contemplated only for charged conduct. See generally U.S.S.G. Sec. 3E1.1 cmt. Rather, because Fry was not penalized for the early robbery, he is not entitled to a reduction in his sentence for admitting his conduct.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3